# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| *In re* <br> **WESCO AIRCRAFT HOLDINGS, INC.**, *et al.*, <br>     Debtors.[1] | Case No. 23-90611 (MI) <br> Chapter 11 <br> (Jointly Administered) |
| **WESCO AIRCRAFT HOLDINGS, INC.**, *et al.*, <br>     Plaintiffs, <br> v. <br> **SSD INVESTMENTS LTD.**, *et al.*, <br>     Defendants. | Adv. Pro. No. 23-03091 (MI) |
| **SSD INVESTMENTS LTD.**, *et al.*, <br>     Counterclaim Plaintiffs, <br> v. <br> **WESCO AIRCRAFT HOLDINGS, INC.**, *et al.*, <br>     Counterclaim Defendants. | **LANGUR MAIZE, L.L.C.'S SUPPLEMENTAL BRIEF REGARDING STANDING** |
| **LANGUR MAIZE, L.L.C.**, <br>     Crossclaim Plaintiff, <br> v. <br> **PLATINUM EQUITY ADVISORS, LLC,** *et al.*, <br>     Crossclaim Defendants. | |
| **LANGUR MAIZE, L.L.C.**, <br>     Third-Party Plaintiff, <br> v. <br> **UNNAMED PLATINUM FUNDS c/o PLATINUM EQUITY ADVISORS, LLC**, *et al.*, <br>     Third-Party Defendants. | |
| **LANGUR MAIZE, L.L.C.**, <br>     Counterclaim Plaintiff, <br> v. <br> **WESCO AIRCRAFT HOLDINGS, INC.**, *et al.*, <br>     Counterclaim Defendants. | |

---

[1] The Debtors operate under the trade name Incora and have previously used the trade names Wesco, Pattonair, Haas, and Adams Aviation. A complete list of the Debtors in these chapter 11 cases, with each one's federal tax identification number and the address of its principal office, is available on the website of the Debtors' noticing agent at http://www.kccllc.net/Incora/. The service address for each of the Debtors in these cases is 2601 Meacham Blvd., Ste. 400, Fort Worth, TX 76137.

A prior owner of beneficial interests in the Notes[2] cannot assert tort claims without authorization from the Depository Trust Company or its nominee Cede & Co. (together, "<u>DTC</u>").[3] No prior owner of beneficial interests has sought, nor can it obtain, such authorization.

### 1. DTC is the Only Entity with Rights Under the Indenture and Global Note, and DTC is the Owner of the Global Note.

Section (11) of the Global Note states: "The registered Holder of an Unsecured Note may be treated as the owner of it for all purposes. ***Only registered Holders have rights under the Indenture***." (Emphasis added).[4] DTC itself explained in briefing to the Iowa Supreme Court (attached as Ex. 1 (the "<u>DTC Amicus Brief</u>")), that DTC is the only registered Holder and owner of the Global Note. *See* DTC Amicus Brief at 9, 16 (Cede & Co. is the record and legal owner of securities deposited at DTC).[5] Holders of beneficial ownership interests in a global note are not owners of such global note, but are only "entitlement holders"; they hold only "security entitlements" against their brokers or banks (the "securities intermediaries"). *Id.* at 13-14.[6] Entitlement holders have no property interest in a global note. *Id.* at 14.

As the registered Holder and sole owner of the Global Note, DTC is the only entity that can exercise rights under the Indenture. And because rights under the Indenture include tort claims, no entity other than DTC or persons it authorizes can pursue those claims.

---

[2] "Notes," "Global Note," and "Indenture" refer to the Notes, Global Note, and Indenture for the 13.125% Senior Notes due 2027 issued by Wesco Aircraft Holdings, Inc. The Indenture is at [ECF 209-1]. The Global Note is at [ECF 276-4].

[3] Cede & Co. is the custodial nominee designated by the Depository Trust Company to be the holder of record of securities managed by the Depository Trust Company.

[4] Section 1.01 of the Indenture defines "Holder" as "a Person in whose name an Unsecured Note is registered" and Section 2.08 provides that the registered holders "shall be the [DTC] in the case of the Global Note."

[5] *See also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l*, 996 N.Y.S.2d 476, 488-89 (Sup. Ct. 2014) ("[I]t is undisputed that SPQR [Cortlandt's assignor] holds only book entry interests in the Sub Notes and is not a Holder of definitive notes within the meaning of the indenture.").

[6] "Entitlement holder," "securities intermediaries," and "security entitlements" are defined terms under Article 8 of New York' Uniform Commercial Code. N.Y. U.C.C. Law § 8 (7), (14), & (17).

## 2. Tortious Interference is a Right Under the Indenture and Thus Can be Exercised Only by DTC or Persons it Authorizes.

Section 6.06 of the Indenture allows Holders (*i.e.*, DTC) to "*[p]ursue any remedy with respect to this Indenture or the Unsecured Notes*" so long as certain conditions are met.[7] No court has defined the term "any remedy." But the Court in *Cortlandt Street Recovery Corp. v. Bonderman*, 31 N.Y.3d 30, 40 (2018), held that the nearly identical term "any available remedy" — used elsewhere in this and in other indentures—includes "all remedies available at law and in equity" and permits pursuit of "any lawful means of enforcing the noteholders' rights, against any individual or entity, based on any viable theory of recovery in order to secure repayment upon the event of a default on the debt to noteholders." The term includes tort claims against third parties for recovery of amounts due under the Global Note. *Id.* at 37 n.10, 42-43.[8]

Controlling law also holds that where a "clause refers to both the indenture *and the securities*[,] the securityholder's claims are subject to the terms of the clause, whether those claims be contractual in nature and based on the indenture agreement, *or arise from common law and statute*." *Quadrant Structured Prod. Co. v. Vertin*, 23 N.Y.3d 549, 561 (2014) (emphasis added).[9] Section 6.06 of the Indenture refers to "both the indenture and the securities" because it references the "Indenture or the Unsecured Notes." "Any remedy" of the Holder (DTC) under the Indenture includes the ability to assert claims arising from common law. Thus,

---

[7] The parties here have agreed that the conditions to bringing suit under Section 6.06 have been waived in this case. *Joint Stipulation and Agreed Order Staying the Second New York State Action* [Adv. ECF 236].

[8] *Cortlandt* permitted the plaintiff to sue for unlawful conveyances, which are torts under New York law. *Id.* at 37 n.10; *CBF Indústria De Gusa S/A v. AMCI Holdings, Inc.*, 650 F. Supp. 3d 228, 254 (S.D.N.Y. 2023) ("Fraudulent-conveyance claims under the New York statute are considered tort claims."). The plaintiff in *Cortlandt* was also later permitted to add a conversion claim. *Cortlandt St. Recovery v. Bonderman*, 2019 WL 1789852, at *3-4 (N.Y. Sup. Ct. Apr. 24, 2019).

[9] Common law confirms that DTC has the right to bring a tortious interference claim predicated on the Indenture because DTC is a party to the Notes, which include terms "stated in the Indenture." Notes § (4). DTC and the issuer are parties to a contract with which the defendants tortiously interfered. *See Foster v. Churchill*, 87 N.Y.2d 744, 749-50 (1996) (elements of tortious interference are existence of a valid contract between plaintiff and third party; defendant's knowledge of that contract; defendant's intentional procuring of breach, and damages).

the Indenture grants DTC a right to pursue "any remedy," which includes a common law claim for tortious interference.[10]

Because the Indenture grants DTC this right, Section (11) of the Global Note, which, again, affirms that "[o]nly registered Holders have rights under the Indenture," bars any other entity from asserting such a claim. And for good reason: Section 6.03 of the Indenture entitles the Trustee to pursue remedies and enforce performance under the Indenture and Notes. Any recovery by the trustee must be distributed ratably to all *current* holders of beneficial interests in the Global Note.[11] If a prior entitlement holder also could bring an action for recovery, it would allow for duplicative recoveries.

### 3. DTC has the Exclusive Right to Pursue Claims for Injuries to the Global Note.

Section (11) of the Note also establishes that DTC is the *owner* of the Global Note. At common law, only the owner of a property interest has the right to enforce claims for invasion of that interest.[12] Beneficial holders are *not* legal owners of securities — they hold only "securities entitlements," which are "*not . . . a specific property interest in any financial asset held by the securities intermediary or by the clearing corporation* [*i.e.*, DTC]"). DTC Amicus Brief at 14. Here, the injury alleged by Langur Maize is a loss in the value of the Global Note as a result of a continuing breach and tortious conduct. As the owner of the Global Note, only DTC and persons it authorizes have standing to assert a claim for that injury. No prior or current holder of

---

[10] Langur Maize also is authorized to assert DTC's rights under Section 6.07.

[11] Section 6.11 of the Indenture provides that sums collected by the Trustee will be distributed to "Holders of Unsecured Notes for principal, premium, if any, and interest, if any, ratably . . . ." This requires distribution to DTC, which would distribute amounts to Participants, who would then distribute to current holders.

[12] *Niagara Falls Redev., LLC v. Cerrone*, 814 N.Y.S.2d 427, 428 (App. Div. 2006) (plaintiff did not have standing to bring tort claims when it did not hold legal title in the property harmed); *Wild v. Hayes*, 891 N.Y.S.2d 199, 202 (App. Div. 2009) ("[P]laintiff lacked standing to sue for negligence, trespass or conversion inasmuch as plaintiff did not own, or have possessory rights to, the property when any such causes of action accrued . . . .").

beneficial interests in the Global Note is, or ever was, an owner of the Global Note. That is why DTC authorization is needed.

### 4. No Prior Entitlement Holder has or Can Obtain Authorization from DTC.

DTC has authorized Langur Maize to "take any and all actions and exercise any and all rights and remedies" that Cede & Co. is entitled to take. *See* DTC authorization letters [ECF 216-30, 31]; Mem. Op. 26-28. No other holder of security entitlements in the Global Note (other than defendants in this action, who exchanged their entitlements in the Unsecured Exchange) has ever sought or obtained authorization to sue. *See* DTC Certification attached as Ex. 2.

A prior entitlement holder may not obtain authorization to exercise rights under either DTC's procedures or applicable law. DTC's Participants[13] are entitled to instruct DTC only "as beneficial owners vis-à-vis the DTC," on behalf of the "ultimate beneficial owners." DTC Amicus Brief at 17-18. Thus, if a Participant does not hold any beneficial interests on account of a beneficial owner, the Participant cannot instruct the DTC with respect to such interests. The Uniform Commercial Code confirms this: "A securities intermediary shall exercise rights with respect to a financial asset if directed to do so by an entitlement holder." N.Y. U.C.C. Law § 8-506. An "entitlement holder" is defined as "a person identified in the records of a securities intermediary as the person having a security entitlement against the securities intermediary." *Id.* at § 8-102(7). Thus, a securities intermediary (*i.e.*, DTC or a Participant) cannot exercise rights on behalf of a person that does not have a current security entitlement (*i.e.,* if that person is not a current beneficial owner). This is further confirmed by DTC's procedures, which require a Participant to identify a current beneficial owner in order to exercise rights through DTC:

---

[13] A "Participant" is a broker or bank that holds securities on behalf of entitlement holders and for whom DTC effectuates book-entry transfers. Entitlement holders may request to exercise rights through their Participant. *See* DTC Amicus Brief at 8. Participants (and the Depository Trust Company itself) are "securities intermediaries" under the Uniform Commercial Code. N.Y. U.C.C. Law § 8-102(14).

4

> In order to exercise such rights through DTC, a Participant must complete and submit to DTC via the MyDTCC portal an instruction letter on the Participant's letterhead identifying the subject securities, the quantity of securities involved, ***the beneficial owner***, and the nature of the request, along with the exact form of securityholder letter that the Participant is instructing Cede & Co. to sign in order to exercise the relevant rights for the beneficial owner.

*DTCC Asset Services: Reorganizations Service Guide*, p. 24 (2023) (emphasis added).



### 5. Even if the Prior Entitlement Holders had Standing, they have Assigned their Claims Under the Indenture.

Even if some injury were suffered by a prior entitlement holder, all of that holder's interests in the Global Note have been transferred to Langur Maize by operation of the Indenture and Notes. Section 2.06(b) of the Indenture states: "The transfer and exchange of beneficial interests in the Global Notes will be effected through [DTC], in accordance with the provisions of this Indenture and the Applicable Procedures," and "Beneficial interests in any Restricted Global Note may be transferred to Persons who take delivery thereof in the form of a beneficial interest in the same Restricted Global Note . . . ." *See also* Global Note ¶¶ 4 (incorporating terms of Indenture) & 10 (making transfers subject to terms of Indenture). No separate assignment is needed. *Banque Arabe et Internationale D'Investment v. Maryland Nat'l Bank,* 57 F.3d 146, 153 (2d Cir. 1995) ("New York law does not require specific boilerplate language to accomplish the transfer of causes of action").

DATED: January 22, 2024

        **JONES DAY**

        <u>/s/ Michael C. Schneidereit</u>
Michael C. Schneidereit (*pro hac vice*)
James M. Jones (*pro hac vice*)
Nicholas Walter (*pro hac vice*)
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3939
mschneidereit@jonesday.com
jmjones@jonesday.com
ncewalter@jonesday.com

-and-

Bruce Bennett (*pro hac vice*)
555 South Flower St., Fiftieth Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
bbennett@jonesday.com

-and-

Matthew C. Corcoran
(S.D. Tex. Fed. No. 3353900)
325 John H McConnell Blvd #600,
Columbus, OH 43215
Telephone: (614) 469-3939
mccorcoran@JonesDay.com

-and-

Paul M. Green
717 Texas St., Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
pmgreen@jonesday.com

*Counsel for Langur Maize, L.L.C.*

6

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was filed on this January 22, 2024, with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

/s/ Michael C. Schneidereit  
Michael C. Schneidereit (*pro hac vice*)