United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 22, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-90611 |
| WESCO AIRCRAFT | § | |
| HOLDINGS, INC., *et al.*, | § | CHAPTER 11 |
| | § | |
| Debtors. | § | |
| | § | |
| WESCO AIRCRAFT | § | |
| HOLDINGS, INC., *et al.*, | § | |
| | § | |
| VS. | § | ADVERSARY NO. 23-3091 |
| | § | |
| SSD INVESTMENTS LTD., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

This is a dispute concerning whether there has been a partial waiver of attorney-client privilege. Kevin Smith, a fact witness for Platinum Equity Advisors, testified about his understanding of certain sections of Wesco's Indentures. He testified that he formed his own "commercial understanding" of those sections. He also testified that he received legal advice from counsel that confirmed his commercial understanding. The 2024/2026 Noteholders and Langur Maize argue Kevin Smith's testimony was based on advice received by counsel, thereby waiving the attorney-client privilege with respect to the subject of the testimony. Platinum argues that no waiver has occurred because Smith formed his own understanding of the Indentures and only confirmed that understanding through advice of counsel. The Court finds that privilege is waived only with respect to the narrow line of

questioning regarding the legal advice received by Smith on those limited sections of Wesco's Indentures.

## BACKGROUND

On February 9, 2024, Kevin Smith, a Platinum Equity Advisors fact witness, testified in this adversary proceeding. Smith testified he was asked to review Wesco's Indentures and form a commercial understanding of its terms. ECF No. 827 at 88:9–13. Smith shared these conclusions with Michael Fabiano, a Platinum employee and director of Wolverine Intermediate Holding Co., and Bank of America. ECF No. 827 at 94:22–25.

Smith testified that he consulted with counsel for Platinum and counsel for Wesco regarding the Indentures. Smith also testified about his own "commercial understanding" of the Indentures. For instance, Smith testified it was his "commercial understanding" that the 2022 Transaction was not a redemption. ECF No. 827 at 105:24. Platinum argued Smith is permitted to interpret the documents from a solely commercial perspective by separating his commercial knowledge from his legal knowledge. According to Platinum, even if Smith received legal advice regarding the same testimony, since the testimony is based on his commercial understanding, no waiver of privilege has occurred.

Smith testified that the law firm Latham & Watkins provided him with advice about the transaction and about the redemption section of the Indentures. Smith testified he "vaguely" recalled having communications with Latham regarding the 2022 Transaction. ECF No. 827 at 216:22. And to the best Smith could recall, he confirmed that Latham would have given Smith its view of the 2022 Transaction. ECF No. 827 at 217:24–25. Latham was available to Smith to answer questions about the documents as Smith was forming his commercial understanding, and Smith would have received that counsel. ECF No. 827 at 219:3–13. When asked specifically about Section 3.02—the section in the Indentures dealing with redemptions—Smith recalled discussing the section with counsel. ECF No. 827 at 225:22. Smith

testified the legal advice confirmed his commercial understanding of the documents. ECF No. 827 at 227:4–6.

Langur Maize and the 2024/2026 Noteholders assert Platinum waived attorney-client privilege. ECF No. 807. Langur Maize and the 2024/2026 Noteholders allege Platinum elicited "(a) testimony that Mr. Smith subjectively believed identified aspects of the March 2022 Transaction were permissible under the governing debt documents; and (b) testimony regarding his subjective 'commercial understanding' of the legal meaning of the selected provisions of those debt documents." ECF No. 807 at 2. Platinum asserts it only elicited from Mr. Smith his "commercial understanding . . . informed by decades of experiences negotiating these sorts of documents across hundreds of transactions." ECF No. 809 at 3. Platinum argues Smith's understanding is intended to show that Platinum did not act maliciously in the 2022 Transaction. ECF No. 809 at 4. And Platinum asserts that because Smith's understanding was not premised on the advice of counsel, the fact that Smith also got legal advice confirming his understanding does not waive privilege. ECF No. 809 at 10.

### DISCUSSION

The parties do not dispute that New York law governs privilege issues. New York courts look to common law to determine the scope of the attorney-client privilege. *Spectrum Sys. Int'l Corp. v. Chem. Bank*, 581 N.E.2d 1055,1059-60 (N.Y. 1991). The party asserting the privilege bears the burden of proving the privilege. *Id.* at 1059. Privilege may not be used as a sword and a shield. *U.S. v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991).

Privilege is waived when the party asserting privilege relies on the "privileged communication as a claim or defense or as an element of a claim or defense." *Pritchard v. County of Erie (In re County of Erie)*, 546 F.3d 222, 228 (2d Cir. 2008). Courts may also consider on a case-by-case basis fairness in determining whether the privileged information ought to be disclosed. *Id.* at 229. That consideration should

happen in the context in which the party is asserting the privilege. *Point 4 Data Corp. v. Tri-State Surgical Supply & Equip. Ltd.*, No. 11-CV-726, 2013 WL 12503118, at *14 (E.D.N.Y. July 18, 2013). "[P]rivilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications." *Bilzerian*, 926 F.2d at 1292.

When a party "asserts a good faith belief in the lawfulness of its actions, even without expressly invoking counsel's advice," the privilege may be forfeited. *Sec. & Exch. Comm'n v. Honig*, No. 18 Civ. 8175, 2021 WL 5630804, at *11 (S.D.N.Y. Nov. 30, 2021) (internal citation omitted). "[T]he privilege holder need not attempt to make use of a privileged communication to implicate waiver—the proponent may waive the privilege if he makes factual assertions the truth of which can only be assessed by examination of the privileged communication." *Id.* (internal citations and quotations omitted).

In *Omnicon*, the party asserting privilege claimed it was not relying on legal advice, but rather the advice of accountants. *In re Omnicom Grp., Inc. Sec. Litig.*, 233 F.R.D. 400, 414 (S.D.N.Y. 2006). The court noted if the accountants had relied on legal advice at all, the privilege may still have been waived. *Id.* (finding no waiver of privilege because it was unclear the degree to which the accountants relied on legal advice).

Only a few cases have addressed a question similar to the one presented here: if a third party offers legal advice that confirms a witness' initial understanding, whether that initial understanding can be separated from the confirmed understanding, allowing the legal advice to remain privileged. Here, the question is whether Smith's initial understanding can be separated from the confirmation of that understanding through legal advice from Latham.

Courts evaluate "'[w]hether fairness requires disclosure' in the 'specific context in which the privilege is asserted.'" *Wang v. Hearst Corp.*, No. 12 CV 793, 2012 WL 6621717, at *2 (S.D.N.Y. Dec. 19, 2012)

(quoting *Pritchard*, 546 F.3d at 228) (alterations in original). But "as a matter of fairness, waiver may apply even if the defendant claims to have ignored the advice of counsel because '[e]ven if . . . [Defendant's] beliefs about the lawfulness of his conduct were actually separate from legal advice . . . Plaintiffs would still be entitled to know if [Defendant] ignored counsel's advice.'" *Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607, 611 (S.D.N.Y. 2014) (quoting *Arista Records LLC v. Lime Grp. LLC*, No. 06 Civ. 5963, 2011 WL 1642434, at *3 (S.D.N.Y. Apr. 20, 2011)) (alterations in original). "Where the defendant has clearly benefited from the advice of counsel on the very issue on which it asserts good faith, it puts its relevant attorney-client communications at issue and thereby waives its privilege." *Id.* at 618.

The Southern District of Texas considered an issue similar to the one here. *See Edwards v. KB Home*, No. 3:11-CV-00240, 2015 WL 4430998, at *1 (S.D. Tex. July 18, 2015)[1]. Plaintiff sued defendant KB Home based on an employment classification. *Id.* Prior to consulting with counsel, KB Home made an initial classification decision. *Id.* But KB Home could not recall what that classification was. *Id.* KB Home later received advice from counsel related to the classification. *Id.* The defendant asserted privilege as to communications it has with its counsel. *Id.* KB Home wanted to allow its witnesses to testify as to their opinions regarding employment classification based on their own "independent judgment." *Id.* at *2. But, the court noted, "as a psychological matter, it seems very difficult, if not impossible, for a witness to compartmentalize his reliance on what he may have independently understood regarding the law and what he was told by attorneys." *Id.* The Court found privilege was waived as to the narrow classification decision in question. *Id.* at *3. The Court found significant that the defenses KB Home was relying on required a good faith belief about the lawfulness of their classification decision. *Id.* at *2. The Court found that the communications with counsel would inevitably affect that

---

[1] This decision was issued by then Circuit Judge Greg Costa, who had previously been a District Court Judge in the Southern District of Texas.

belief in lawfulness.  *Id.*  The court thus held that the communications were "most probative on whether [KB Home] had a good faith belief in the lawfulness of the classification decision . . .." *Id.*  The Court did note that KB Home had, and may have simply ignored, the advice of counsel. *Id.* at *3.  Regardless the privileged was waived.  *Id.*

The reasoning in *Edwards* is persuasive and supported by New York privilege law.  Platinum is asking the Court to allow Smith to testify only as to his commercial understanding.  But the only way to separate Smith's commercial understanding of Wesco's Indentures and the legal advice Smith received is to understand what the legal advice was.  Even if the legal advice merely "confirmed" Smith's initial understanding, the opposing parties are entitled to probe that confirmation. That legal advice would inevitably affect Smith's understanding of the Indentures and the actions permitted by their terms.  And that legal advice would inevitably, at minimum, help Smith in justifying his conclusion that the Indentures permitted the 2022 Transaction.  Smith's understanding of the Indentures is directly at issue in this case because Platinum is asserting a good faith defense. His communications with counsel would be highly probative in determining that understanding.  Because Platinum, like the party asserting privilege in *Scott*, benefitted from the legal advice on the very issue on which it asserts good faith, Smith's communications with Latham are at issue.  *See Scott*, 67 F. Supp. 3d at 618.

The attorney-client privilege is waived with respect to the line of questions asked to Smith regarding his commercial understanding of specific provisions of Wesco's Indentures and the advice given by Latham to Smith regarding that understanding.  Specifically, that line of questioning can be found at ECF No. 827 at 94:1–25, 102:1–106:10, 221:21–222:24, 223:23–227:6.

## CONCLUSION

Kevin Smith is recalled as a witness.  He may be cross-examined about the specific line of questioning cited in the preceding paragraph.

Before Kevin Smith retakes the stand, he is required to produce copies of all written communications from counsel to Smith (individually or with other recipients) regarding the meaning of any section of the Indentures if that section contains one or more of the words "redeem", "redemption" or "redemptions."

SIGNED 04/22/2024

_____
Marvin Isgur
United States Bankruptcy Judge