United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 13, 2024
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | CASE NO: 23-90611 |
| WESCO AIRCRAFT HOLDINGS, INC., *et al.*, | § § § | CHAPTER 11 |
| Debtors. | § § § | |
| WESCO AIRCRAFT HOLDINGS, INC., *et al.*, , | § § § § | |
| VS. | § § | ADVERSARY NO. 23-3091 |
| SSD INVESTMENTS LTD., *et al.*, | § § § § | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Platinum moves to exclude the testimony of Joseph Denham. ECF No. 1208.  Denham serves as both a testifying expert witness (with respect to valuation as of March 28, 2022) and a non-testifying financial advisor to the UCC (with respect to valuation under the proposed plan and in settlement negotiations).

As part of Denham's role as a financial advisor to the UCC, Denham produced a valuation range prepared in connection with settlement discussions between UCC, Wesco, and other parties.  ECF No. 1234 at 20.  As part of his role as a testifying expert, Denham's expert report values Wesco immediately before and immediately after the 2022 Transaction.  ECF No. 1208 at 3.  Platinum argues that, due to the substantial overlap between Denham's work as a testifying expert and as a consulting expert, the UCC was required to produce documents

prepared and considered by Denham in his role as a consulting expert. ECF No. 1208 at 3–4. Platinum argues that, because Denham failed to do so, his testimony must be excluded. ECF No. 1208 at 7–8. The Court stated on the record on May 2, 2024, that, although it would not be excluding Denham's testimony, it would review the requested documents in camera to determine whether they must be disclosed to opposing parties. ECF No. 1249 at 197–98. The UCC has submitted to the Court the documents sought to be produced.

Federal Rule of Civil Procedure 26 governs disclosure and discovery relating to experts. Rule 26 applies in adversary proceedings through Federal Rule of Bankruptcy Procedure 7026. Rule 26 provides different disclosure requirements depending on the role served by an expert. *See* Fed. R. Civ. P. 26(a)(2)(B)–(C). "While the Fifth Circuit has not directly addressed [the] issue, other circuits have held someone may be a witness not required to produce a report as to portions of his testimony and simultaneously deemed a retained or specially employed expert who is subject to Rule 26(a)(2)(B) as to other portions." *Cooper v. Meritor, Inc.*, No. 4:16-CV-52, 2018 WL 2223325, at *6 (N.D. Miss. May 15, 2018) (quoting *LaShip, LLC v. Hayward Baker, Inc.*, 296 F.R.D. 475, 480 (E.D. La. 2013). "Accordingly, a witness may be designated as a Rule 26(a)(2)(B) retained reporting expert on certain issues, and a Rule 26(a)(2)(C) non-reporting expert for other issues." *Id.* Moreover, when an expert serves in both a non-testifying consulting role and a testifying role, "the broader discovery for testifying experts applies to everything except 'materials generated or considered *uniquely* in the expert's role as consultant.'" *Sara Lee Corp. v. Kraft Foods Inc.*, 273 F.R.D. 416, 419–20 (N.D. Ill. 2011) (quoting *In re Com. Money Ctr., Inc., Equip. Lease Litig.*, 248 F.R.D. 532, 538 (N.D. Ohio 2008)). "In light of Rule 26(a)(2)(B)'s broad disclosure requirement, courts have concluded 'any ambiguity as to the role played by the expert when reviewing or generating documents should be resolved in favor of the party seeking discovery.'" *Id.* (quoting *B.C.F. Oil Refining, Inc. v. Consol. Edison Co. of N.Y., Inc.*, 171 F.R.D. 57, 62 (S.D.N.Y. 1997)).

Rule 26(b) contains exceptions to Rule 26(a)'s disclosure requirements. The rule differs depending on whether an expert is designated as a non-testifying consultant or a testifying expert. With respect to non-testifying consultants:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
> > (i) as provided in Rule 35(b); or
> >
> > (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(b)(4)(D). Rule 35(b) addresses medical examinations. *See* Fed. R. Civ. P. 35(b).

When serving as a testifying expert, Rule 26(b)(4)(C) protects communications between the expert and a party's attorney. The rule provides:

> Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:
>
> > (i) relate to compensation for the expert's study or testimony;
> >
> > (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

> (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed. R. Civ. P. 26(b)(4)(C). Rule 26(b)(4)(C) essentially applies Rule 26(b)(3)'s work product doctrine to communications between a testifying expert and a party's attorney. These materials need not be disclosed unless "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed R. Civ. P. 26(b)(3)(A)(ii).

Denham's consultant role involved preparing valuation ranges regarding Wesco's post-bankruptcy emergence. His role as a testifying expert involved preparing valuations of Wesco pre- and post-2022 Transaction. These roles would necessarily have a substantial overlap of facts and materials. The overlap is sufficient to apply the rules for testifying experts with respect to materials Denham relied upon in forming his opinions in his role as a non-testifying consultant.

With the exception of a single document, the produced documents are presentation materials prepared for UCC's counsel in connection with Denham's role as a financial advisor. These documents are communications between Denham and UCC's counsel subject to the work product doctrine. No Rule 26(b)(4)(C) exception applies. The documents may be disclosed only if Platinum "shows that it has a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." The standard requires a showing of both substantial need and undue hardship. *See In re Hardwood P-G, Inc.*, 403 B.R. 445, 464 (Bankr. W.D. Tex. 2009). "To show either substantial need or undue hardship, a party seeking discovery of ordinary work product must make a detailed showing of either need or hardship; a broad, unsubstantiated assertion is not sufficient." *Id.* (citing *Koenig v. Int'l Sys. & Controls Corp, Secs. Litig. (In re Int'l Sys. & Controls Corp. Secs. Litig.)*, 693 F.2d 1235, 1240 (5th Cir. 1982).

Platinum claims that "if Mr. Denham is permitted to testify without disclosing his prior work, Platinum will be deprived of the ability to confront Mr. Denham about any discrepancies between how he conducted his valuation work as a consultant and as a testifying expert." ECF No. 1208 at 7. It further argues that "[i]f Mr. Denham made different judgments depending on the hat that he was wearing, this would be critical to evaluating both the validity of Mr. Denham's present opinions, as well as his credibility. By refusing to disclose or describe materials Mr. Denham relied on and created as a consultant, the UCC has unfairly shut down this entire line of cross-examination." ECF No. 1208 at 7.

Platinum's arguments are insufficient to meet the standard for substantial need and undue hardship. "Undue hardship can be demonstrated if witnesses cannot remember key facts or are unavailable for depositions or if there is unusual expense incurred of interviewing or discovering the sought-after person or information, as the case may be." *Hardwood*, 403 B.R. at 464. "Substantial need may be shown where the information is only discoverable with the documents at issue themselves." *Id.* Platinum is free to challenge Denham through its own expert.

The only offered document that doesn't fall under the work product doctrine is an offering memorandum (perhaps in final form and perhaps in draft form) prepared in connection with the 2022 Transaction. An offering memorandum is not a communication between Denham and UCC's counsel. The document falls under Rule 26(a)2)(B)'s general rule requiring the disclosure of all "facts or data considered by the [expert] in forming" their opinion. *See SiteLock, L.L.C. v. GoDaddy.com, L.L.C.*, No. 22-11109, 2023 WL 4015117, at *2 (5th Cir. June 13, 2023). Inasmuch as the offering memorandum was prepared by Platinum or parties aligned with it, the offering memorandum is unlikely to be essential. Nevertheless, Platinum is entitled to see it.

## CONCLUSION

All documents submitted for in camera review are protected by Rule 26(b)(4)(C), except for the offering memorandum. The offering memorandum must immediately be provided to opposing counsel.

SIGNED 05/13/2024

_____
Marvin Isgur
United States Bankruptcy Judge