United States Bankruptcy Court
Southern District of Texas

**ENTERED**
June 05, 2024
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-90611 |
| WESCO AIRCRAFT | § | |
| HOLDINGS, INC., *et al.*, | § | CHAPTER 11 |
| | § | |
| Debtors. | § | |
| | § | |
| WESCO AIRCRAFT | § | |
| HOLDINGS, INC., *et al.*, | § | |
| , | § | |
| | § | |
| VS. | § | ADVERSARY NO. 23-3091 |
| | § | |
| SSD INVESTMENTS LTD., *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | | |

### MEMORANDUM OPINION AND ORDER ON EMERGENCY
### MOTION TO COMPEL PRODUCTION OF DOCUMENTS

The 2024/2026 Noteholders move for an order requiring the production by Wesco, PIMCO, and Silver Point

> of all documents reflecting communications with, or advice from, counsel and other professional advisors that have been withheld on grounds of attorney-client privilege or attorney work product, that informed the testimony they gave as to their understanding of the 2022 Transaction's permissibility under the Governing Indentures, including the transaction's requirements and risks associated with the indentures and the transaction's purported sequencing.

ECF No. 1293 at 9. The 2024/2026 Noteholders argue testimony was elicited from several witnesses that indicates a reliance on privileged

communications in support of the Counterclaim Defendants' good faith defenses. ECF No. 1293 at 8–9.

The Court held in its May 14, 2024, Memorandum Opinion that "[f]or an at-issue waiver of the attorney-client privilege to occur, New York courts require evidence showing an affirmative reliance on the advice of counsel to support an element of a claim or defense." ECF No. 1269 at 1–2 (citing *In re Cnty. of Erie*, 546 F.3d 222, 228 (2d Cir. 2008)). The party asserting privilege may expressly or impliedly place its reliance on the advice of counsel at issue. ECF No. 1269 at 2 (citing *Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, No. 11-CV-726, 2013 WL 12503118, at *14 (E.D.N.Y. July 18, 2013)).

Privilege has not been waived by these witnesses. The Counterclaim Defendants have not presented evidence indicating an affirmative reliance on privileged communications in forming a belief as to whether the 2022 Transaction complied with the Indentures.

The 2024/2026 Noteholders first cite the testimony of Mr. Vorderwuelbecke. ECF No. 1293 at 4. Mr. Vorderwuelbecke testified that, in voting to approve the 2022 Transaction, he did not believe that Wesco was violating the Indentures. ECF No. 630 at 143. He also testified that he received reports and presentations from Wesco's advisors regarding negotiations with PIMCO and Silver Point and that he relied on those reports as accurate. ECF No. 697 at 36, 38. He also testified that he relied on his advisors to draft the documents necessary to effectuate the 2022 Transaction. ECF No. 697 at 67–68. At no point in the cited testimony did Mr. Vorderwuelbecke testify that he relied on privileged communications to form his understanding as to whether the 2022 Transaction complied with the Indentures. Privilege is not waived with respect to Mr. Vorderwuelbecke's testimony.

The 2024/2026 Noteholders next cite the testimony of Mr. Carney. ECF No. 1293 at 4. Mr. Carney testified as to his understanding of the steps and structure of the 2022 Transaction, as well as the effect of certain documents executed for the transaction. ECF No. 664 at 72, 79–

81, 91–94, 116. He testified that he formed this understanding based on advice of counsel. ECF No. 664 at 79, 83, 92, 116. He also stated that he did not have a "view of the legal implication of the documents" related to the transaction. ECF No. 664 at 84. Mr. Carney did testify that he did not intend for Wesco to breach the Indentures. ECF No. 694 at 152. However, Mr. Carney never provided testimony indicating a reliance on the advice of counsel in forming a belief as to the validity of the 2022 Transaction. ECF No. 694 at 152. Privilege is not waived with respect to Mr. Carney's testimony.

The 2024/2026 Noteholders next cite the testimony of Mr. O'Connell. ECF No. 1293 at 5. Mr. O'Connell testified on cross examination that PJT relied on the advice of counsel to determine what consents would be required to issue incremental debt. ECF No. 879 at 41–44. Mr. O'Connell stated that he relied on the advice of counsel in forming his understanding that incremental debt could not be issued without the consent of the Holdco PIK Notes. ECF No. 879 at 42. He also stated that he relied on counsel to amend covenants contained in the PIK Notes to meet the consent requirements. ECF No. 879 at 44. The testimony does not indicate that Mr. O'Connell relied on counsel in forming his understanding that the 2022 Transaction complied with the Indentures. Rather, the cited testimony indicates that counsel advised Mr. O'Connell on amendments required to overcome a specific debt limitation imposed by provisions of the PIK Notes. Privilege is not waived with respect to Mr. O'Connell testimony.

The 2024/2026 Noteholders next cite the testimony of Mr. Dostart. ECF No. 1293 at 5. Mr. Dostart testified as to his understanding of certain sections of the Indentures. ECF No. 955 at 15–16, 48–49. He also testified that he did not undertake his own analysis of whether the 2022 Transaction complied with the Indentures. ECF No. 969 at 17. Mr. Dostart did not provide any evidence on the question of whether he believed the 2022 Transaction was permissible under the Indentures. Privilege is not waived with respect to Mr. Dostart's testimony.

The 2024/2026 Noteholders next cite the testimony of Mr. Prager. ECF No. 1293 at 5–6. Mr. Prager testified as to his commercial understanding of certain sections of the Indentures. ECF No. 1013 at 15–16. He also testified that he received the advice of counsel regarding the meaning of the Indentures and developed his own understanding through that advice. ECF No. 1013 at 160–63. Mr. Prager did not testify as to any reliance on counsel in forming a belief as to whether the 2022 Transaction complied with the Indentures. Although Mr. Prager may have formed his understanding of the Indentures through advice received by counsel, this is a different question. Mr. Prager's testimony does not show affirmative reliance on privileged communications in support of any of the Counterclaim Defendants' claims or defenses. Privilege is not waived with respect to Mr. Prager's testimony.

The 2024/2026 Noteholders finally cite testimony of Mr. Yu offered by the Counterclaim Defendants in support of their good faith defense. ECF Nos. 1142 at 72, 1293 at 6–7. Mr. Yu expressed his view that transactions like the 2022 Transaction would be acceptable so long as they fall within the language of the indentures. ECF No. 1142 at 49. He also expressed his view on the inclusion of blocking language in other indentures to prevent transactions like the 2022 Transaction. ECF No. 1142 at 49–50. Testimony was elicited that, in these discussions, he stated that "no one thought about the 66 percent lien strip"—referring to the collateral modification provisions of the Indentures. ECF No. 1142 at 53. The 2024/2026 Noteholders argue that the offering of this testimony for the Counterclaim Defendants' good faith defense necessarily waives privilege because the testimony was based on subjective understandings that were "clearly informed by advice from counsel." ECF No. 1293 at 6. Although a party asserting privilege may impliedly place reliance at issue, there must nevertheless be an affirmative reliance on the advice of counsel to support a claim or defense. *See Erie*, 546 F.3d at 228–29. Mr. Yu's testimony does not provide evidence on the question of whether his belief of the 2022 Transaction's validity under the Indentures was based on privileged

communications with counsel. The Court will not imply reliance. Privilege is not waived with respect to Mr. Yu's testimony.

The attorney-client privilege is not waived with respect to any of the cited witness testimony.

## CONCLUSION

The 2024/2026 Noteholders' *Emergency Motion to Compel Production of Documents Withheld as Privileged* (ECF No. 1293) is denied.

SIGNED 06/05/2024

_____
Marvin Isgur
United States Bankruptcy Judge